IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff/Respondent,**

v.                                 Case No. 03-20013-01-JWL
                                              04-3378-JWL
                                              04-3381-JWL

**Donald L. Johnson, Jr. ,**

      **Defendant/Petitioner.**

## MEMORANDUM & ORDER

Donald L. Johnson, Jr. was charged in four counts of a seven-count superseding indictment with conspiracy to possess with intent to distribute crack cocaine; possession with intent to distribute 5 grams or more of crack cocaine; possession with intent to distribute 50 grams or more of crack cocaine; and being a felon in possession of a firearm. On July 14, 2003, Mr. Johnson entered a plea of guilty to all counts and a criminal forfeiture allegation. In the plea agreement executed by Mr. Johnson, he waived his right to appeal the sentence imposed or to challenge it through collateral attack. On November 3, 2003, Mr. Johnson was sentenced to a 292-month term of imprisonment and the judgment of conviction was entered on the docket that same day. Mr. Johnson did not appeal.

On October 21, 2004, Mr. Johnson, with assistance of counsel, filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in which he asked the court to vacate his sentence in light of the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). On October 25, 2004, Mr. Johnson, acting pro se, filed another motion to vacate,

set aside or correct his sentence in which he set forth numerous claims asserting ineffective assistance of counsel. The court denied both motions in their entirety. Mr. Johnson now moves the court to reconsider its order denying both motions or, in the alternative, to grant Mr. Johnson a certificate of appealability.

The court denies Mr. Johnson's motion to the extent it seeks reconsideration of the court's order. In his motion, Mr. Johnson urges that the court can and should address the merits of his ineffective assistance claims irrespective of the waiver contained in Mr. Johnson's plea agreement because Mr. Johnson is entitled to pursue those claims pursuant to *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). Mr. Johnson is correct and, in fact, the court addressed the merits of Mr. Johnson's ineffective assistance claims in its previous order. Mr. Johnson does not assert that the court's analysis of his ineffective assistance claims was erroneous in any respect.[1]

Mr. Johnson also asserts in his motion for reconsideration that his post-conviction counsel was ineffective when he presented a *Blakely* argument in a § 2255 motion filed on Mr. Johnson's behalf despite the fact that Mr. Johnson's waiver of rights in his plea agreement prohibited Mr. Johnson from asserting such arguments. According to Mr. Johnson, his post-conviction counsel should have presented the *Blakely* argument only after Mr. Johnson succeeded in having his waiver

---

[1]Mr. Johnson has also filed a "motion for discovery" pursuant to Rule 6 governing § 2255 proceedings. He contends that certain discovery will assist the court in analyzing the merits of Mr. Johnson's ineffective assistance claims. This motion is denied. For the reasons set forth in the court's previous order, Mr. Johnson's ineffective assistance claims lack merit and the discovery described by Mr. Johnson in his motion would not affect the court's analysis in any respect.

2

of rights set aside. Mr. Johnson contends that by presenting the Blakely argument in light of the waiver of rights, his counsel has prejudiced Mr. Johnson because the court denied the motion. While it is not entirely clear from Mr. Johnson's motion, he apparently believes that if he succeeded in having his waiver of rights set aside, then, at that point, he could present a meritorious *Blakely* argument. The court rejects Mr. Johnson's claim concerning the effectiveness of his post-conviction counsel as the conduct of his counsel has not prejudiced Mr. Johnson in any way. Regardless of the waiver of rights in the plea agreement, Mr. Johnson would not be entitled to relief under *Blakely*. As the court explained in its prior order, *Blakely* does not apply retroactively to Mr. Johnson's § 2255 motion and any argument made by Mr. Johnson based on *Blakely* simply has no merit at this juncture. *See United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005).

Finally, the court considers whether it is appropriate to grant a certificate of appealability (COA) on any issues, *see Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (construing notice of appeal as an application for a COA because a COA is a prerequisite to appealing the denial of a habeas petition), and declines to do so. A COA should issue if the applicant has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which the Circuit has interpreted to require that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See id.* (quoting *Tennard v. Dretke*, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))).

In his § 2255 motion, Mr. Johnson sought to have his sentence vacated in light of the

3

Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Tenth Circuit precedent clearly establishes that he is not entitled to a COA on this issue as *Blakely* does not apply retroactively to Mr. Johnson's § 2255 motion and has no bearing on his sentence. *See United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005).

Mr. Johnson further argued in his motion that he received ineffective assistance of counsel in connection with the negotiation of the plea agreement (an agreement in which he waived his right to challenge his sentence). Mr. Johnson cannot demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) the issue should have been resolved in a different manner or that the issue was adequate to deserve encouragement to proceed further. Mr. Johnson first asserted that his counsel was ineffective because he should not have allowed Mr. Johnson to waive his rights to appeal or otherwise challenge his sentence because, in the absence of the waiver, Mr. Johnson would have been able to appeal or collaterally attack his sentence in light of *Blakely*. As the court noted in its order, at the time that Mr. Johnson waived his rights, the Supreme Court had not even granted certiorari in *Blakely*, let alone decided *Blakely* or *Booker*. The court, then, rejected Mr. Johnson's argument as contrary to Tenth Circuit precedent. *See United States v. Keeling*, 2004 WL 2712627, at *1 (10th Cir. Nov. 30, 2004) (citing *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1541-43 (10th Cir. 1995)) ("counsel's failure to foresee future developments in the law does not constitute constitutionally deficient performance"); *see also United States v. Green*, 405 F.3d 1180, 1189 (10th Cir. 2005) (right to appeal a sentence based on *Booker* grounds can be waived in a plea agreement even if *Booker* had not been decided at the time of the plea; broad waiver language covers those grounds of appeal).

4

The court also rejected Mr. Johnson's second ineffective assistance argument–that his counsel was ineffective because he failed to advise Mr. Johnson that he had the right to have a jury determine the quantities of drugs for which he could be held responsible. Again, Mr. Johnson cannot demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) the issue should have been resolved in a different manner or that the issue was adequate to deserve encouragement to proceed further. As the court noted previously, Mr. Johnson had no right to have a jury determine the relevant drug quantities as his sentence did not exceed the statutory maximum. This argument, then, is rejected. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *accord United States v. Quary*, 2003 WL 256900, at *1 (10th Cir. Feb. 6, 2003) (where statutory maximum was life sentence and defendant received life sentence, factors enhancing sentence did not need to be submitted to a jury under *Apprendi*).

Mr. Johnson also argued that his counsel failed to advise him that the court would attribute additional drug quantities to Mr. Johnson and that those quantities would increase his sentence. The court rejected this argument in light of ample evidence–including the court's Rule 11 colloquy with Mr. Johnson and Mr. Johnson's plea petition–that Mr. Johnson was aware of the contingencies involved in determining his sentence, including the court's consideration of relevant conduct, and nevertheless entered into a guilty plea. *See United States v. Lyles*, 1999 WL 88968, at *2 (10th Cir. Feb. 23, 1999) (rejecting ineffective assistance claim based on counsel's misrepresentation of sentencing range; no showing of prejudice where defendant acknowledged

5

in his plea petition that he understood sentencing would be discretionary, could differ from any calculation of the attorney, and could include other relevant conduct); *United States v. Gordon*, 4 F.3d 1567, 1569-71 (10th Cir. 1993) (rejecting defendant's ineffective assistance claim based on counsel's failure to inform defendant that relevant conduct would be considered in his sentencing; court explained during Rule 11 colloquy that, in calculating sentence, court "can and will consider all available information including factual data relating to any counts dismissed or about to be dismissed").

Mr. Johnson's remaining ineffective assistance claims concerned his counsel's failure to secure Mr. Johnson a plea agreement that was more favorable to Mr. Johnson–an agreement under which, in essence, Mr. Johnson would not have had to relinquish any of his rights or make any stipulations and in which he would have received additional benefits such as a reduction for substantial assistance. The court readily rejected these arguments. As the court indicated in its previous order, the record reflects that Mr. Johnson understood that there was no opportunity for Mr. Johnson to receive a downward departure based on substantial assistance because the one person that Mr. Johnson had agreed to testify against had pled guilty and the only other individuals with respect to whom the government needed assistance from Mr. Johnson were his family members and he refused to testify against them. With respect to Mr. Johnson's desire for a "better" plea agreement, the Rule 11 colloquy again reflected that Mr. Johnson's counsel was not deficient and that he, in fact, succeeded in obtaining the government's promise not to file a motion seeking enhancement under 21 U.S.C. § 851 which would have provided for a mandatory life sentence upon conviction in light of Mr. Johnson's prior drug convictions. The plea agreement

that Mr. Johnson's counsel negotiated ensured that Mr. Johnson was not locked into a life sentence and, in fact, Mr. Johnson was ultimately sentenced to much less than life in prison.

For the foregoing reasons, the court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Johnson's motion for reconsideration or for certificate of appealability (doc. 241) and his motion for discovery (doc. 249) are denied.

**IT IS SO ORDERED** this 19th day of October, 2005.

                                             s/ John W. Lungstrum
                                             John W. Lungstrum
                                             United States District Judge