**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

United States of America,

      Plaintiff/Respondent,

v.                                  Case No. 03-20013-01-JWL
                                           06-3257-JWL

Donald L. Johnson, Jr. ,

      Defendant/Petitioner.

### MEMORANDUM & ORDER

Donald L. Johnson, Jr. was charged in four counts of a seven-count superseding indictment with conspiracy to possess with intent to distribute crack cocaine; possession with intent to distribute 5 grams or more of crack cocaine; possession with intent to distribute 50 grams or more of crack cocaine; and being a felon in possession of a firearm. On July 14, 2003, Mr. Johnson entered a plea of guilty to all counts and a criminal forfeiture allegation. In the plea agreement executed by Mr. Johnson, he waived his right to appeal the sentence imposed or to challenge it through collateral attack. On November 3, 2003, Mr. Johnson was sentenced to a 292-month term of imprisonment and the judgment of conviction was entered on the docket that same day. Mr. Johnson did not appeal.

On October 21, 2004, Mr. Johnson filed a pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in which he asked this court to vacate his sentence in light of the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). On October

25, 2004, Mr. Johnson filed another motion to vacate, set aside or correct his sentence in which he set forth numerous claims asserting ineffective assistance of counsel.  The court denied both motions in their entirety and denied Mr. Johnson's subsequent motions for reconsideration and for a certificate of appealability.  Mr. Johnson then sought a certificate of appealability from the Tenth Circuit, raising the same issues that he brought before this court.  On August 7, 2006, the Circuit denied Mr. Johnson's request for a certificate of appealability for "substantially the same reasons" set forth by this court.

On September 7, 2006, just one month after the Tenth Circuit's decision, Mr. Johnson filed another motion pursuant to 28 U.S.C. § 2255 (doc. 284) in which he asks for resentencing based upon a claim of ineffective assistance of counsel because his attorney neglected to appeal the court's denial of Mr. Johnson's motion to suppress.  This claim has not been presented in a prior motion and constitutes a subsequent or successive habeas petition; thus, Mr. Johnson is required to obtain prior authorization from the Tenth Circuit before filing his petition in this court.  *See United States v. Nelson*, 465 F.3d 1145 (10th Cir. 2006).  The record reveals that Mr. Johnson has not obtained authorization from the Tenth Circuit and, as a result, this court lacks jurisdiction to address the merits of Mr. Johnson's unauthorized successive petition.  *See id.*  The court, then, transfers Mr. Johnson's motion to the Tenth Circuit in the interest of justice pursuant to 28 U.S.C. § 1631.  *See Spitznas v. Boone,* 464 F.3d 1213, 1227 (10th Cir. 2006) (if claim does not relate back to filing of original petition and is, thus, successive, district court may only dismiss the petition or transfer it to the Circuit for certification); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (when a successive habeas petition is filed, district court should

transfer the petition to the Circuit in the interest of justice pursuant to § 1631).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion pursuant to 28 U.S.C. § 2255 (doc. 284) is transferred to the Tenth Circuit Court of Appeals.

**IT IS SO ORDERED**.

Dated this 13th  day of November, 2006, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge