IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                                     **Case No. 03-20013-01-JWL**

**Donald L. Johnson, Jr.,**

      **Defendant.**

## MEMORANDUM & ORDER

Defendant Donald L. Johnson, Jr. was convicted of various drug charges relating to the possession and distribution of crack cocaine. The court ultimately sentenced Mr. Johnson to 324 months imprisonment. This matter is before the court on Mr. Johnson's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which Mr. Johnson asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table. As will be explained, the motion is dismissed because the court lacks jurisdiction to reduce Mr. Johnson's sentence.

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with the applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement to which § 3582(c)(2) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline

range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1). Section 1B1.10(a)(2) provides that a reduction is not authorized if the retroactive amendments do not apply to the defendant or do not have the effect of lowering the applicable guideline range.

Amendment 782 does not have the effect of reducing Mr. Johnsons's applicable guideline range. At the time of sentencing, Mr. Johnson was held accountable for 466.4 kilograms of cocaine. According to the drug quantity table in effect at the time of Mr. Johnson's sentencing, that drug quantity yielded a base of offense level of 38. U.S.S.G. 2D1.1 (2003) (assigning a base offense level of 38 for "150 KG or more of Cocaine"). Mr. Johnson received a two-point enhancement for possession of a firearm, resulting in an adjusted offense level of 40. After receiving a three-level reduction for acceptance of responsibility, Mr. Johnson's total offense level was 37. Pursuant to Amendment 782, the drug quantity table now assigns a base offense level of 38 for 450 kilograms or more of cocaine base. Thus, the drug quantities for which Mr. Johnson was held responsible still results in a starting base offense level of 38 and, with the firearm enhancement, an adjusted offense level of 40 and then a total offense level of 37. In other words, because of the large quantity of cocaine for which Mr. Johnson was held accountable, his base offense level remains unchanged by Amendment 782. Because Amendment 782 does not have the effect of lowering the applicable guideline range, the court is not authorized to reduce Mr. Johnson's sentence.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Johnson's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 349) is dismissed.

**IT IS SO ORDERED.**

Dated this 23rd day of April, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
