IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-20013-01-JWL |
| | ) | |
| DONALD JOHNSON, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on the defendant's emergency motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 364).  For the reasons set forth below, the court **grants** the motion.  The court reduces the defendant's sentence to time served and the defendant will begin serving his previously imposed term of supervised release.[1]

### I.    Procedural History

In July 2003, the defendant Donald Johnson, Jr. pled guilty to conspiracy to possess with intent to distribute crack cocaine, possession with intent to distribute crack cocaine, and being a felon in possession of a firearm.  The court sentenced the defendant to a 292-

_____

[1] The United States Probation Office has reviewed and approved the defendant's home plan.

month term of imprisonment.  The defendant is presently incarcerated at the minimum security satellite camp at USP Leavenworth and his present projected release date is September 1, 2023.  He has been in custody since his arrest in December 2002.

## II.     Analysis

The defendant seeks relief pursuant to 18 U.S.C. § 3582(c)(1)(A).  That statute allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *See id.* The government concedes that the defendant has exhausted his administrative remedies such that the court has jurisdiction to consider the motion on its merits.

The moving defendant bears the burden of establishing that "compassionate release" is warranted under Section 3582(c)(1)(A), and a court exercises its discretion in ruling on such a motion.  *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases).

Section 3582(c)(1)(A) provides that a court may reduce a sentence if it finds, after considering applicable factors from Section 3553(a), that (a) extraordinary and compelling reasons warrant the reduction and (b) the reduction is consistent with the applicable policy statement issued by the Sentencing Commission.  *See* 18 U.S.C. § 3582(c)(1)(A).  To address this statutory provision, the Sentencing Commission promulgated the policy statement found at U.S.S.G. § 1B1.13, which adds the requirement that the defendant not

be a danger to the safety of another person or the community.  *See id.*  In addition, in Application Note 1 to the statement, the Commission set forth four circumstances (in subdivisions (A) through (D)) under which "extraordinary and compelling reasons" may exist.  *See id.* applic. note 1.  In this case, the court looks to subdivision (D), known as the "catchall" provision, which provides as follows:

> **(D)  Other Reasons. –** As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*See id.*  Subdivision (D) thus provides that circumstances other than those listed in subdivisions (A) through (C) may be sufficient to warrant relief, as determined by the Bureau of Prisons (BOP).  The BOP has made no such determination in this case. Nevertheless, as this court has previously determined, in accordance with the weight of authority, the court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute.  *See Jackson*, 2020 WL 2812764, at *3.

The defendant argues that extraordinary and compelling reasons for immediate release from prison exist because his medical conditions (severe obesity, prediabetes for type 2 diabetes, and severe obstructive sleep apnea) place him at a high risk of serious illness or death from COVID-19.  The government concedes that the defendant's medical conditions, particularly his severe obesity, constitute extraordinary and compelling reasons sufficient for this court to consider early release under the statute.  Nonetheless, the government opposes the motion on the grounds that the § 3553(a) factors weigh against

early release in light of the nature and seriousness of the defendant's offenses and to provide just punishment for those offenses.  As highlighted by the defendant in his reply, then, the sole question before the court is whether the § 3553(a) factors outweigh the risks to the defendant's health if he remains incarcerated for the 35 months remaining on his sentence.

The court concludes in its discretion, for the reasons set forth below, that the § 3553(a) factors weigh in favor of early release when measured against the risk to the defendant's health if he remains in custody.  Without question, the defendant's underlying health conditions place him at a higher risk with respect to the COVID-19 coronavirus. The defendant is six feet tall and weighs 344 pounds, resulting in a body mass index of 46.6 and placing the defendant well into the category of being morbidly obese.  The CDC lists obesity as a condition that increases the risk of severe illness from COVID-19.  *See* CDC, *Coronavirus Disease 2019 (COVID-19): People of Any Age with Underlying Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed October 6, 2020).  And in its most recent guidance, the CDC noted that "strong and consistent" evidence from medical studies have shown that obesity is in a category of conditions that present the greatest risk of serious illness from COVID-19. *See* CDC, *Evidence Used to Update the List of Underlying Medical Conditions that Increase a Person's Risk of Severe Illness from COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last accessed October 6, 2020).  Consistent with this guidance, courts have frequently found obesity as a significant factor warranting early release. *See United States*

*v. Rivera*, 2020 WL 5105090, at \*3 (E.D. Mich. Aug. 31, 2020) (granting motion for compassionate release where defendant had body mass index of 41.1 as well as sleep apnea requiring use of CPAP machine and defendant had served "large majority" of his sentence); *United States v. Leverette*, 2020 WL 4057425, at \*1, 3 (E.D. Wis. July 20, 2020) (granting motion for compassionate release where defendant, among other things, was significantly overweight and suffered from sleep apnea requiring use of CPAP machine; defendant had served 22 years of 30-year sentence and had no disciplinary issues in custody); *Baldwin v. United States*, 2020 WL 4925669, at \*7-8 (D. Md. Aug. 21, 2020) (granting motion for compassionate release where defendant suffered from several medical conditions including prediabetes and uncontrolled hypertension); *United States v. Reads*, 2020 WL 2572280, at \*3 (E.D. Mich. May 21, 2020) (ordering compassionate release of 33-year-old inmate with severe obesity, severe obstructive sleep apnea, hypertension, and "prediabetes").   As these cases reflect, the defendant's obstructive sleep apnea, which requires the use of a CPAP machine, and his prediabetes diagnosis clearly contribute to the defendant's increased risk of severe illness if he were to contract COVID-19.  In short, the defendant's underlying health conditions provide an extraordinary and compelling reason for relief in this case, as the government candidly recognizes in its response.

The policy statement in Guideline Section 1B1.13 requires that the defendant not be a danger to the safety of another person or the community.  As the defendant highlights, he has maintained a clean disciplinary record while in BOP custody.  The court also notes that the defendant is presently in a minimum security camp.  Significantly, the government

concedes in its response that the defendant does not appear to pose a danger to society upon release. The court, then, finds that this requirement is satisfied in this case.

Finally, the applicable Section 3553(a) factors do not compel a contrary conclusion. Those factors are: (1) the nature of the offense and the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable Guideline sentence; and (6) the need to avoid unwarranted sentence disparities among similarly-situated defendants. 18 U.S.C. § 3553(a)(1)-(6). To be sure, defendant's offenses are serious. Nonetheless, the seriousness of those offenses was reflected in the sentence that he received and largely served. The defendant has served nearly 18 years in prison, or over 86 percent of his sentence factoring in earned good-time credit, which is sufficient to serve the goals of incapacitation, deterrence, retribution, and rehabilitation.

In summary, the court concludes in its discretion that extraordinary and compelling reasons warrant the reduction of the defendant's sentence to time served pursuant to Section 3582(c)(1)(A) and that the defendant's significant medical conditions outweigh the need for continued incarceration under the circumstances presented here. The motion is granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's emergency motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc.

364) is hereby **granted**.  The court reduces defendant's sentence to time served. The defendant will begin serving his previously imposed term of supervised release.  All previously imposed terms and conditions of defendant's supervised release remain in effect.

**IT IS SO ORDERED.**

Dated this 9th day of October, 2020, in Kansas City, Kansas.

_s/ John W. Lungstrum_
John W. Lungstrum
United States District Judge